## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**OCKER MONUMENT COMPANY INC. and**
**an Arkansas Corporation**

MAY 1 3 2016

DOUGLAS F. YOUNG, Clerk
By
      Deputy Clerk

**OCKER FUNERAL HOMES, INC.**
**an Arkansas Corporation**

**PLAINTIFFS**

**vs.**        CASE NO. 16-2109

**COTNER MONUMENTS, L.L.C.,**
**An Arkansas Limited Liability Company**

**HERITAGE MEMORIAL ART, LLC, and**
**An Arkansas Limited Liability Company**

**SAM J. FLOCKS**
**An Arkansas resident**        **DEFENDANTS**

**JURY TRIAL REQUESTED**

### COMPLAINT

Plaintiffs Ocker Monument Company Inc. and Ocker Funeral Homes, Inc. (collectively referred to as "the Ockers") through the undersigned attorney, for their Complaint against Defendants Cotner Monuments LLC, Heritage Memorial Art, LLC, and Sam Flocks (collectively referred to as "Defendants"), state and allege as follows:

### NATURE OF THE ACTION

1.    This is an action for cyberpiracy, trademark infringement, unfair competition, False Designation of Origin or Description, violation of the Arkansas Deceptive Trade Practices Act (Ark. Code Ann. § 4-88-101, et seq.), and tortious interference with prospective business relations.  As set forth below, through the use of the Internet domain name "OCKERMONUMENTS.COM", Defendants have willfully infringed the Ockers' trademarks,

have acted as cybersquatters by intending to profit from the goodwill associated with the mark, and have unfairly competed with the Ockers. These activities will continue unless enjoined by this Court.

2.      This action concerns Defendants' adoption and use of the Ocker mark, "OCKER MONUMENTS" on monuments, memorials, and other related goods and memorial related services, memorial monument development services, and retail services after the Ockers have been using the OCKER MONUMENTS mark on similar goods and services since at least as early as 1968.

## PARTIES

3.      Plaintiff Ocker Funeral Homes, Inc. is an Arkansas corporation existing under the laws of the State of Arkansas, having its principal place of business at 700 Jefferson Street, Van Buren, AR 72956 that provided monuments, memorials, and other related goods and memorial related services, memorial monument development services, and retail services under the trademark, OCKER MONUMENTS ("the Ocker mark").

4.      Plaintiff Ocker Monument Company Inc. is an Arkansas corporation existing under the laws of the State of Arkansas, having its principal place of business at 700 Broadway Street, Van Buren, AR 72956 that provides monuments, memorials, and other related goods and memorial related services, memorial monument development services, and retail services under the Ocker mark.

5.      Upon information and belief, Defendant, Cotner Monuments L.L.C. ("Cotner"), is a limited liability company organized and doing business under the laws of Arkansas, having its principal place of business at 3300 Midland Blvd., Fort Smith, Arkansas 72901 that provides

2

monuments, memorials, and other related goods and memorial related services, memorial monument development services, and retail services.

6.     Upon information and belief, Defendant, Heritage Memorial Art, LLC, is a limited liability company organized and doing business under the laws of Arkansas, having its principal place of business at 3300 Midland Blvd., Fort Smith, Arkansas 72901 that provides monuments, memorials, and other related goods and memorial related services, memorial monument development services, and retail services using the Ocker mark.

7.     Upon information and belief, Defendant, Sam Flocks, is an Arkansas resident residing at 618 Spradley Rd. Van Buren, AR 72956 who provides monuments, memorials, and other related goods and memorial related services, memorial monument development services, and retail services using the Ocker mark.

<u>JURISDICTION AND VENUE</u>

8.     The Ockers are Arkansas corporations with their principal place of business in Van Buren, Arkansas.

9.     Upon information and belief, Defendants are Arkansas limited liability companies and Arkansas residents with registered agents in Van Buren, Arkansas and Defendant Flocks resides in Van Buren, Arkansas.

10.    Furthermore, Defendants intentionally and maliciously pirated and infringed upon a trademark belonging to the Ockers located in Van Buren, Arkansas.

11.    This Court has subject matter jurisdiction over the Ockers' federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

12.    This Court has supplemental jurisdiction over the Ockers' pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with the

Ockers' federal claims and arise from a common nucleus of operative facts such that administration of the Ockers' state law claims with its federal claims furthers the interest of judicial economy.

13.   The Court has personal jurisdiction over Defendants because upon information and belief, Defendants have transacted business within the state of Arkansas; promoted themselves via the Internet at http://www.OckerMonuments.com/, which is available to Internet users throughout the world, including those in Arkansas and in this district; committed acts, or caused consequences to occur that resulted in an action for the torts of cybersquatting and trademark infringement.

14.   Venue is proper in this district under 28 U.S.C. 1391(b) because a substantial part of the acts giving rise to the claim occurred in this district and because Defendants are subject to personal jurisdiction in this district.

STATEMENT OF FACTS

15.   The Ockers are the longest continuous users of the Ocker mark for memorial services, memorial monument development services, and retail services.

16.   The Ockers have used the Ocker mark continuously and exclusively in commerce since at least as early as 1968 and continue the use of the Ocker mark as of the date of this filing.

17.   The Ockers advertise and sell monuments, memorials, and other related goods and services under the Ocker mark in commerce throughout the United States including, but not limited to, Arkansas.  Advertisements showing the Ockers' use of the Ocker mark are attached hereto as Exhibits 1 and 2.

18.    On account of the prior and continuous use of the Ocker mark and substantial advertising and sales of products and services under said mark, the Ockers have acquired extensive trademark rights in the Ocker mark under relevant state laws and common law.

19.    Through their promotional efforts, business conduct, and continuous use of the Ocker mark, the Ockers have developed and maintained customers throughout the United States and within the Western Arkansas region.   The Ocker mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of the Ockers, their high quality products, high quality services, and their goodwill.

<u>Defendants' Bad Faith Registration and Use of the Infringing Domain Name</u>

20.    Defendant Cotner Monuments has a business located at 3300 Midland Blvd., Fort Smith, Arkansas 72901 which is less than three (3) miles away from Ocker Monument's location.

21.    Defendants intentionally infringed the Ockers' trademark by registering the domain name OckerMonuments.com.

22.    According to Defendants' website which is accessible by visiting either OckerMonuments.com, the infringing site, or CotnerMonument.com, Defendants have been serving the families of Western Arkansas with double monuments, single monuments, cemetery markers, grave stones, benches, and cremation monuments.   *See*   Exhibit   3, CotnerMonument.com available at OckerMonuments.com.

23.    Upon information and belief, Defendants registered the domain name, http://www.OckerMonuments.com ("Defendants' infringing Ocker website").   *See* Exhibit 4, ICANN Whois results for www.OckerMonuments.com.

24.     Defendant Flocks registered the OckerMonuments.com website listing Heritage Memorial Art as the Organization and providing a Cotner Monument email address of sflocks@CotnerMonument.com. *See* Exhibit 4.

25.     The Ockers have not authorized or granted permission allowing Defendants' use of the Ocker mark.

26.     Potential customers of the Ockers visit OckerMonuments.com to view products and services offered by the Ockers.

27.     Visiting   OckerMonuments.com   diverts   these   potential   customers   to CotnerMonument.com, a website associated with Defendants, not the Ockers.

28.     CotnerMonument.com, which is accessible through OckerMonuments.com, offers products and services provided by Defendants that compete with the Ockers. *See* Exhibit 3, printout of CotnerMonument.com.

29.     Defendant, Cotner Monument, through Sam Flocks, owns the website, CotnerMonument.com to which potential visitors are redirected from OckerMonuments.com. *See* Exhibit 5, ICANN whois query of CotnerMonument.com.

30.     Defendants profited and continue to profit from the use of the Ocker mark by diverting potential customers from OckerMonuments.com directly to Defendants' CotnerMonument.com at which Defendants offer their competing goods and services.

31.     Defendants' registration of www.OckerMonuments.com prevents the Ockers from registering and using www.OckerMonuments.com for the Ockers' business.

32.     Defendants have complete and total control of OckerMonuments.com thus preventing the Ockers from controlling their own trademarks.

33.     Abusing Defendants' control over OckerMonuments.com, Defendants redirect all visitors to www.OckerMonuments to a website operated by Defendants, www.CotnerMonument.com, where Defendants offer memorial monuments, markers, and other related goods that compete with the goods and services of the Ockers.

34.     These competing goods and services offered by Defendants are not endorsed, sponsored, affiliated or otherwise provided by the Ockers.

35.     Defendants unfairly compete with the Ockers by redirecting clients from the Ockers to the Defendants' website to offer competing goods and services.

36.     Diverting      visitors      from      http://www.OckerMonuments.com      to www.CotnerMonuments.com creates a false association between the Ockers and Defendants.

37.     Diverting visitors from OckerMonuments.com to CotnerMonument.com also interferes with customers attempting to purchase goods and services from the Ockers.

38.     Defendants registered the domain name, OckerMonuments.com, to redirect customers from OckerMonuments.com to CotnerMonument.com via a 301 redirect. The 301 redirect transfers users to CotnerMonument.com without notifying the customer that the customer has been redirected to Defendants' competing business. A copy of a website proving the 301 redirect from OckerMonuments.com to CotnerMonument.com is attached hereto as Exhibit 6.

39.     Defendants have used and continue to use confusingly similar marks throughout the world and Arkansas through the website, OckerMonuments.com. Defendants have also used such marks in soliciting customers, all of which has created confusion in the marketplace regarding origin of the products and services.

7

40.   Defendants deceive potential customers by redirecting the customers from OckerMonuments.com to CotnerMonument.com to offer competing goods and services to the potential customers.

41.   Defendants further deceive potential customers by displaying Ocker created memorials on Defendants' website, CotnerMonument.com.  The Ockers designed and created the Ocker memorials, not Defendants.  *See* Exhibit 3 (showing a screenshot from CotnerMonument.com that falsely represents the memorial for Mr. and Mrs. Joe C. Slay created by the Ockers as an example of Defendants' work).

42.   Defendants also deceive potential customers by displaying the Ocker created memorial for Mr. Alan Ray Toothaker, Mayor of Van Buren for over twenty (20) years, as a representation of Defendants' work on Defendants' website, CotnerMonument.com.  *See* Exhibit 7.

43.   The Toothaker memorial was designed and created by the Ockers, not Defendants.  *See* Exhibit 8 showing a picture of a plaque originally installed on the Toothaker memorial indicating that the Ockers designed and developed the Toothaker Memorial.  This plaque was installed on the Toothaker memorial prior to placement of the Toothaker Memorial in the cemetery.

44.   Defendants deceived and continue to deceive potential customers by misrepresenting the Ockers' goods and services as Defendants' own goods and services.

45.   Defendants did not create or design the memorials for Slay, Toothaker, Nguyen, and other memorials that are displayed on CotnerMonument.com.

46.   Defendants' misconduct in using the Ocker mark on closely related services and goods tarnishes and disparages the Ockers' hard earned goodwill.

47.   Defendants' commercial use of the Ocker mark has caused and will continue to cause confusion in the marketplace with the Ockers; Defendants' use of the Ocker mark has caused and

will likely cause consumer confusion, mistake or deception with respect to the association (or lack thereof) of Defendants to the Ockers, or as to the origin, sponsorship or approval of Defendants' products and services by the Ockers. Further, Defendants' use of the Ocker mark in commercial advertising and promotion misrepresents the nature, characteristics, qualities and origin of Defendants' products.

48.     The Ockers have been and continue to be injured by Defendants' unauthorized and unlawful use of the Ocker mark.

49.     Defendants' use of the Ocker mark has caused, and continues to cause, irreparable harm to the Ockers and the Ockers' goodwill and reputation.

## COUNT 1 – Violation of Anti-Cybersquatting Consumer Protection Act

## 15 U.S.C. 1125(d))

50.     The Ockers repeat and reallege each and every allegation of paragraphs 1 through 49 herein as if fully set forth herein.

51.     The Ocker mark was distinctive at the time of the registration of the infringing domain name, OckerMonuments.com, by Defendants.

52.     Without authorization from the Ockers, Defendants registered, trafficked in, and/or used the infringing website, OckerMonuments.com, which is confusingly similar to the Ocker mark.

53.     Upon information and belief, Defendants had full knowledge of the Ockers' prior rights in the Ocker mark when Defendants secured registration of the infringing domain name, OckerMonuments.com.

54.     Defendants have registered, trafficked in, and/or used the OckerMonuments.com domain with the bad faith intent to profit from the Ocker mark. Upon information and belief, Defendants have used the infringing domain name, OckerMonuments.com,  with the bad faith intent to reap

the benefit of the goodwill in the Ocker mark, to divert consumers to the infringing website, OckerMonuments.com for Defendants' own commercial gain to otherwise profit from unauthorized use of the Ocker mark.

55.     The aforesaid acts and conduct constitute cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

56.     The unauthorized registration and use of the OckerMonuments.com domain is causing immediate and irreparable injury to the Ockers and to the goodwill and reputation of the Ocker mark and will continue to damage the Ockers and the Ocker mark unless the Court enjoins such use and transfers registration of OckerMonuments.com from Defendants to the Ocker Monument Company Inc.

## COUNT 2 – Unfair Competition (15 U.S.C. 1125(a))

57.     The Ockers repeat and reallege each and every allegation of paragraphs 1 through 56 herein as if fully set forth herein.

58.     Defendants' use of Ocker Monuments for goods and services that are identical, related, and/or substantially similar to those produced by the Ockers under the Ocker mark constitutes a false designation of origin and a false representation as to the origin of Defendants' website. Defendants' use of Ocker Monuments is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and services and is likely to create the false impression that the goods and services are authorized, sponsored, endorsed, licensed by, or affiliated with the Ockers. Defendants' actions constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

59.    Defendants deceived and continue to deceive potential customers by misrepresenting the Ockers' goods and services as Defendants' own goods and services.

60.    Defendants' conduct is willful, intended to reap the benefit of the goodwill of the Ockers and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

61.    Defendants' conduct has caused and is causing immediate and irreparable injury to the Ockers and will continue both to damage the Ockers and deceive the public unless enjoined by this Court.

**COUNT 3 – Common Law Trademark Infringement, Unfair Competition, and**

**False Designation of Origin or Description**

62.    The Ockers repeat and reallege each and every allegation of paragraphs 1 through 61 herein as if fully set forth herein.

63.    Defendants' use of the infringing website, OckerMonuments.com, is likely to cause confusion, mistake, or deception as to the source or sponsorship of the Ockers' goods and services.

64.    Defendants' operation of the infringing website, OckerMonuments.com, constitutes commercial use of a trademark, or a false designation of origin, or a false or misleading description or representation of fact which is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with the Ockers, or as to the origin, quality, sponsorship or approval of Defendants' goods or associated activities thereby causing damage to the reputation of the Ockers' products, services, and trademarks.

65.    Defendants deceived and continue to deceive potential customers by misrepresenting the Ockers' goods and services as Defendants' own goods and services.

66.     Defendants' misconduct alleged herein constitutes commercial use of a trademark, or a false designation of origin, or a false or misleading description or representation of fact which in commercial advertising or promotion misrepresents the characteristics or qualities of Defendants' products or commercial activities.

67.     By engaging in the misconduct alleged herein, Defendants have infringed the Ocker mark and the Ockers' rights in the Ocker mark.

68.     Defendants' knowledge of the Ockers' prior use of the Ocker mark demonstrates such activities were, and remain, willful and intentional.

69.     Defendants' willful and intentional acts of infringement have caused and are causing great injuries to the Ockers' business, the value of the Ocker mark, and the Ockers' goodwill and reputation, in an amount that cannot yet be ascertained.  The Ockers are entitled to an award of damages compensatory of these injuries caused by Defendants, the continuation of which unless restrained, will cause further irreparable injury and damage, leaving the Ockers with no adequate remedy at law.

70.     Defendants' continued unauthorized use of the Ocker mark constitutes common law trademark infringement and unfair competition.

71.     By reason of Defendants' misconduct, the Ockers are entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, enjoining further acts of infringement, unfair competition, false advertising and false designation of origin.

72.     As a direct and proximate result of the intentional misconduct of Defendants alleged herein, the Ockers are entitled to recover Defendants' profits in an amount to be determined at

trial, plus enhanced damages based on Defendants' willful, intentional, and/or grossly negligent acts, plus attorneys' fees.

**COUNT 4 – Violation of the Arkansas Law under Deceptive Trade Practices Act**

**(Ark. Code Ann. § 4-88-101, et seq.)**

73.     The Ockers repeat and reallege each and every allegation of paragraphs 1 through 72 herein as if fully set forth herein.

74.     Defendants' acts constitute unfair trade practices in violation of the Arkansas law and specifically the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, et seq., for at least the following reason:

    a.      Defendants are using the Ocker mark knowingly to make false representations as to the characteristics, uses, benefits, source, quality sponsorship or approval of Defendants' services and products; and

    b.      Defendants, by causing confusion as to origin of their services and products, are engaging in unconscionable, false or deceptive acts or practices in business, commerce or trade.

75.     Defendants deceived and continue to deceive potential customers by misrepresenting the Ockers' goods and services as Defendants' own goods and services.

76.     Defendants' willful and intentional acts have caused and are causing great injuries to the Ockers' business, the value of the Ocker mark, and the goodwill and reputation, in an amount that cannot yet be ascertained.

77.     By reason of Defendants' misconduct, the continuation of which, the Ockers are entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, enjoining further acts of infringement, unfair competition, false advertising and false designation of origin.

13

78.     Furthermore, in view of Defendants' knowledge of the Ockers' prior use of the Ocker mark, such activities were, and remain, willful and intentional.

79.     As a direct and proximate result of the intentional misconduct of Defendants alleged herein, the Ockers are entitled to recover Defendants' profits in an amount to be determined at trial, plus enhanced damages based on Defendants' willful, intentional, and/or grossly negligent acts, plus attorneys' fees.

## COUNT 5 – Tortious Interference with Prospective Business Relations

80.     The Ockers repeat and reallege each and every allegation of paragraphs 1 through 79 herein as if fully set forth herein.

81.     At all times material hereto, the Ockers have had prospective business relations and expectancies with customers of the Ockers' services and products sold under the Ocker mark and company name.

82.     Defendants were aware of, or should have been aware of, said prospective business relations.

83.     The misconduct of Defendants alleged herein tortiously interfered with said business relations, and with said prospective customers and expectancies; such misconduct includes, among other things establishing and maintaining Defendants' website that redirects customers searching the Ockers website to Defendants' competing goods and services.

84.     Defendants' continued unauthorized use of the Ocker mark has interfered with and impaired the Ockers' ability to advertise and serve its customers.

85.     Defendants have employed improper means by using the Ocker mark without the Ockers' consent.

14

86.     Defendants deceived and continue to deceive potential customers by misrepresenting the Ockers' goods and services as Defendants' own goods and services.

87.     Defendants have an improper motive to profit from and exploit the Ocker mark on confusingly similar services and goods without the Ockers' permission and without compensation.

88.     In view of Defendants' knowledge the Ockers' competing business, such deceptive activities were, and remain, willful and intentional.  Both the Ockers and the public have been injured by such activities.

89.     As a direct and proximate result of the misconduct of Defendants alleged herein, the Ockers are entitled to recover Defendants' profits in an amount to be determined at trial, plus enhanced damages based on Defendants' willful, intentional, and/or grossly negligent acts, plus attorneys' fees.

90.     Some of the misconduct of Defendants alleged herein has been committed with malice, or with reckless disregard for the injury that such misconduct would cause to the Ockers, entitling the Ockers to punitive or exemplary damages.

        WHEREFORE, the Ockers request a jury trial on any issues so triable, and the Ockers respectfully pray for the following relief:

        (1)     Directing that Defendants transfer the OckerMonuments.com domain to Ocker Monument Company Inc.;

        (2)     Directing that Defendants remove all images of Ocker developed memorials from the website CotnerMonument.com;

(3)     A preliminary and permanent injunction enjoining Defendants, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and assigns, and all those in concert or participation with any of them from:

    (a)     imitating, copying, using, reproducing, registering, attempting to register and/or displaying any mark so resembling any of the Ocker mark as to be likely to cause confusion, mistake or deception therewith;

    (b)     using any false description or representation or any other thing calculated or likely to cause consumer confusion, deception or mistake in the marketplace with regard to the Ocker mark or products and services sold thereunder;

    (c)     registering anywhere in the world, asking any third party to register on Defendants' behalf, or assisting any third party in registering or maintaining any domain name, subdomain name, URL, e-mail address, or other electronic identifier that includes, in whole or in part, the term "OCKER" or any formative thereof (including misspellings);

    (d)     owning, renting, purchasing, or otherwise obtaining rights to any internet search term that includes in whole or in part the term "OCKER" or any formative thereof (including misspellings) for purposes of directing traffic to any web site;

(4)     An order directing that Defendants remove all signage and deliver up for destruction all materials and matter in its possession or custody or under its control that infringe the Ocker mark, including, without limitation, all advertising and promotional materials;

(5)     An order for corrective advertising in a form, manner and frequency that is acceptable to the Ockers and the Court;

(6)     An order directing that Defendants file with the Court and serve upon counsel for the Ockers within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which it has complied with this Court's orders;

(7)     Judgment against Defendants, awarding the Ockers such damages which have been sustained or will sustain by reason of Defendants' acts of cybersquatting, trademark infringement, and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117, including but not limited to, at the Ockers' election prior to final judgment, an award of statutory damages for Defendants' violation of section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d);

(8)     Judgment against Defendants, awarding the Ockers all profits of Defendants resulting from its misconduct alleged herein, in an amount to be proven at trial;

(9)     Judgment against Defendants, awarding the Ockers enhanced damages based upon Defendants' profits after an accounting thereof, including all statutory enhancements and other enhancements on account of the willful nature of Defendants' misconduct;

(10)    An award of prejudgment and post judgment interest;

(11)    An award of the Ockers' costs and expenses, including, without limitation, the Ockers' attorney's fees incurred herein pursuant to 15 U.S.C. § 1117(a); and

(12)    All other relief, in law or in equity, to which the Ockers may be entitled, or which the Court deems just and proper.

Respectfully submitted,

Ocker Monument Company Inc. and
Ocker Funeral Homes, Inc., Plaintiffs

5-10-16
_____
Date

By:     _____
Stephen D. Schrantz, AR Bar No. 2006215

Schrantz Law Firm, PLLC
1000 East Matthews, Suite C
Jonesboro, AR 72401
Telephone:  (870) 275-7838
schrantzlaw@gmail.com

## **VERIFICATION**

STATE OF ARKANSAS          )
                           ) ss.
COUNTY OF CRAWFORD         )

I, Ronald W. Ocker II, state that I have read the above and foregoing document and that the facts, statements, and allegations therein contained are true and correct to the best of my knowledge and belief.

WITNESS my hand on this 4 th day of May, 2016.

_____
Ronald W. Ocker II
Ocker Monument Company Inc.

_____
Ronald W. Ocker II
Ocker Funeral Homes, Inc.

Subscribed and sworn to before me on this 4 th day of May, 2016.

My Commission Expires:                    _____
                                           Notary Public
12-5-2017

JULIE J. GETSINGER
MY COMMISSION # 12363555
EXPIRES: December 5, 2017
Sebastian County

19